UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RAFAEL BERNARDO ALVAREZ,

Plaintiff,

v.

CLARK COUNTY, *et al.*,

Defendants.

Case No. 2:22-cv-00261-RFB-EJY

**ORDER
AND
REPORT AND RECOMMENDATION**

RE:  Complaint (ECF No. 1-1)

Plaintiff Rafael Alvarez, an inmate appearing *pro se*, filed a series of documents attempting to initiate a civil rights complaint under 42 U.S.C. § 1983 (ECF Nos. 1-1 – 1-16).

I.    *IN FORMA PAUPERIS* **APPLICATION**

Plaintiff has neither paid the $402 filing fee for this matter nor filed an application to proceed *in forma pauperis*.  Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an inmate seeking to commence a civil action may apply to proceed *in forma pauperis*, which allows the inmate to file the civil action without prepaying the $402 filing fee.  To apply for *in forma pauperis* status, the inmate must submit **all three** of the following documents to the Court:

(1) a completed **Application to Proceed *in Forma Pauperis* for Inmate**, on this Court's approved form (i.e. pages 1 through 3 with the inmate's two signatures on page 3),

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and

(3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

The Court grants Plaintiff a **one-time** extension to file a complete application to proceed *in forma pauperis* containing **all three** of the required documents or, in the alternative, pay the $402 filing fee for this action on or before **March 18, 2022**.  Absent unusual circumstances, the Court will <u>not</u> grant any further extensions of time.

## II.   SCREENING THE COMPLAINT

The Court screens Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) despite the failure to file a compliant *in forma pauperis* application because in order for this matter to proceed Plaintiff must amend his Complaint.

In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).  To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*  Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Viewing Plaintiff's Complaint (ECF No. 1-2) alone, that is, without the supplementary filings whose total length far exceeds the Court's capacity for review, Plaintiff alleges violations of the Fourth, Fifth, and Fourteenth Amendments in addition to state law claims for malicious prosecution, defamation, intentional infliction of emotional distress, and false imprisonment.  ECF No. 1-2 at 12-15.  Plaintiff names Defendants Clark County, Sherriff Joseph Lombardo, Child Protective Services

2

("CPS"), and the Las Vegas Metropolitan Police Department ("LVMPD") in the Complaint, along with individual defendants J. Guyer, I. Dicaro, and Matt Trefford, detectives with LVMPD, and Miriam Davila, an investigator for CPS. *Id.* at 3-5. Plaintiff's Complaint alleges that Plaintiff is innocent of the crime for which he is imprisoned and accuses Defendants of "malfeasance" in investigating, arresting, and prosecuting Plaintiff, ultimately leading to Plaintiff pleading guilty despite maintaining his innocence. *Id.* at 10. Plaintiff accuses Detective Guyer specifically of committing perjury and covering up exculpatory evidence in order to obtain a warrant against Plaintiff in contravention of Plaintiff's Fourth Amendment rights. *Id.* at 7-8.

While the Court acknowledges Plaintiff's *pro se* status, his attempt to allege claims in 767 pages is in violation of Fed. R. Civ. P. 8(a)(2) requiring a "short and plain statement of" the claims asserted, as well as Rule 8(d)(1) requiring each allegation to be "simple, concise, and direct." Plaintiff's claims for relief fail to meet either of these standards. The total 767 pages does not allow each Defendant to understand the link between the alleged conduct and the alleged deprivation of rights. This failure is in contravention of Rule 8, which ensures each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (internal citation and quotation marks omitted).

Moreover, the Court's review of Plaintiff's initiating documents shows that three of Plaintiff's four claims are not properly brought as a federal civil rights complaint under 42 U.S.C. § 1983 because they ask the Court to invalidate Plaintiff's conviction. ECF No. 1-2 at 13-15 (Claims 2-4). The Civil Rights Act of 1871, codified as amended at 42 U.S.C. § 1983, creates a private right of action for any party that has been deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by any person "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." 42 U.S.C § 1983. The Supreme Court, in analyzing what types of claims can be brought under 42 U.S.C. § 1983, has held that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks release. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973)).

While the text of § 1983 does not create a requirement that the plaintiff exhaust state remedies before bringing an action under the section, "[a]n application for a writ of habeas corpus on behalf

of a person in custody pursuant to the judgment of a State court shall not be granted" unless the applicant has exhausted state court remedies, there is an absence of state court remedies or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). The *Preiser* Court concluded that "[i]t would wholly frustrate explicit congressional intent" to allow plaintiffs to bring a § 1983 claim to evade the exhaustion requirement of an application for a writ of habeas corpus." *Preiser*, 411 U.S. at 489-490. As the *Heck* Court stated, a prisoner "has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck*, 512 U.S. at 489. Federal courts must work to prevent prisoners from relying on § 1983 to subvert the different procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *Id.* at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008).

In the present case, Plaintiff's Claims 2 through 4 seek to invalidate his conviction. *See, e.g.*, ECF No. 1-2 at 19. Claim 2 pleads "the right of access to the courts, and the right to be free from malicious prosecution" (ECF No. 1-2 at 13). In support of this claim, Plaintiff argues that Defendants committed a conspiracy "to render … Plaintiff's judicial remedies inadequate and ineffective" in his state court case. ECF No. 1-15 at 3-4. Throughout the Complaint and supplementary materials Plaintiff contends that he is entitled to a "more just and honest opportunity to redress the violations to his civil rights, and to establish his innocence." *Id.* at 6. Based on the allegations made, the Court interprets Plaintiff's "right of access" claim as attacking his state court conviction.

Plaintiff's third claim for "the right to be free from obstruction of justice" is explicitly an attempt to correct any "obstruction … that blocks Plaintiff from proving his innocence." ECF No. 1-2 at 19-20. Claim 4 states several purported grounds for relief including defamation, intentional infliction of emotional distress, lost wages, false imprisonment, creation of debt, and "losing … credit score points." ECF No. 1-2 at 15. Each of these claims relates to the consequences of Plaintiff's conviction in a state case the validity of which Plaintiff attacks in his filings. *See, e.g.*, ECF No. 1-7 at 2-39. Similarly, Plaintiff's malicious prosecution claim is a claim that he was wrongfully convicted in his state court case. Plaintiff asks for a chance to "establish his innocence"

and Detective Guyer's "wholeheart[ed] involve[ment] in the malicious prosecution initiated by Plaintiff's ex-wife." ECF No. 1-15 at 3.

The Court finds that Plaintiff cannot obtain relief for the above claims in a suit brought under § 1983. These claims are appropriately brought in a habeas petition under 28 U.S.C. §2254 for the reasons stated in *Heck*, 512 U.S. at 481. The Court recommends dismissing Plaintiff's Claims 2-4 without prejudice so that Plaintiff may elect to refile his claim of innocence in a habeas petition.

With respect to Plaintiff's Claim 1, alleging misconduct in the warrant application process, the Court finds that the claim, as stated, fails to assert a ground for relief. Plaintiff generally alleges that Detective Guyer "secured a warrant of arrest on Plaintiff fabricating and including in his affidavit a good number of truly prejudicial lies to make Plaintiff look guilty, covering up information found on the documents … [that] tends to [make] Plaintiff [look] innocent." ECF No. 1-2 at 7. Plaintiff does not include sufficient facts in the Complaint itself that would allow the Court to assess the merits of this claim, but rather points to the extensive supplementary filing for a description of the facts. *Id.* at 12. As discussed above, it is impracticable for the Court to make out the nature of Plaintiff's claim from the supplementary materials. The Court recommends dismissal of Plaintiff's Fourth Amendment claim without prejudice. If Plaintiff chooses to refile the Fourth Amendment claim, his amended complaint must be compliant with Rule 8 and the total number of pages filed may not exceed thirty pages in length.

**III.   ORDER**

IT IS HEREBY ORDERED that the Clerk of the Court shall send Plaintiff the approved form application to proceed *in forma pauperis* by an inmate, as well as the document entitled information and instructions for filing an in forma pauperis application.

IT IS FURTHER ORDERED that on or before **March 18, 2022**, Plaintiff must either pay the $402 filing fee for a civil action (which includes the $350 filing fee and the $52 administrative fee) or file with the Court:

> (1)     a completed Application to Proceed *in Forma Pauperis* for Inmate on this Court's approved form (i.e. pages 1 through 3 of the form with the inmate's two signatures on page 3),

(2)     a Financial Certificate properly signed by both the inmate and a prison or jail official (i.e. page 4 of this Court's approved form), and

(3)     a copy of the inmate's prison or jail trust fund account statement for the previous six-month period.

IT IS FURTHER ORDERED that, if Plaintiff does not file a complete application to proceed in forma pauperis with all three documents or pay the $402 filing fee for a civil action on or before **March 18, 2022**, the Court will recommend dismissal of this action without prejudice for Plaintiff to refile the case with the Court, under a new case number, when Plaintiff has all three documents needed to file a complete application to proceed in forma pauperis or pays the $402 filing fee.

**IV.    RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Claims 2 through 4, attacking the validity of his conviction, be dismissed without prejudice so that Plaintiff may refile for relief through a habeas petition.

IT IS FURTHER RECOMMENDED that Plaintiff's Fourth Amendment claim (Claim 1) be dismissed without prejudice and with leave to amend.

IT IS FURTHER RECOMMENDED that if Plaintiff so chooses, he be allowed to file a amended complaint correcting the deficiencies in his Fourth Amendment claim within **thirty (30) court days** from the date of this Order.  The amended complaint must contain a **short and plain statement** describing all facts underlying the conduct that constitutes the violations of law Plaintiff alleges.   Fed. R. Civ. P. 8(a)(2).    Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give each Defendant fair notice of Plaintiff's claims against him/her and Plaintiff's entitlement to relief.

IT IS FURTHER RECOMMENDED that any complaint filed by Plaintiff **must not exceed a total of thirty pages in length including exhibits**.

IT IS FURTHER RECOMMENDED that the Clerk of Court shall send Plaintiff the appropriate instructions and forms for filing a Habeas Corpus petition under 28 U.S.C. § 2254.

Dated this 17th day of February, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).