Rafael Bernardo Alvarez
ID # 1207192 - HDSP
P.O. Box 650
Indian Springs, Nevada 89070
Petitioner in Pro Se

United States District Court

District of Nevada

| | |
|---|---|
| Rafael Bernardo Alvarez, Petitioner/Plaintiff, v. Clark County, et al., Respondent/Defendant. | Case No.: 2:22-cv-00261-ART-EJY<br><br>Motion for <u>Preliminary Injuction</u> |

On page 4 of the "Presentence Investigation Report," attached, under subtitle, "Supplemental Information: ICE QUERY RESULTS," you can see Petitioner/Plaintiff "... is legally residing in the United States as a Permanent Resident and may live and work in the U.S." But that "... If this person has been convicted for a felony offense, this person may be amenable to removal proceedings for violation of the Immigration Act."

AS you can see on the "Judgement of Conviction," attached, Petitioner/Plaintiff was convicted of two Category B felonies when he signed a guilty plea deal under the Alford decision, which did not require him to admit guilt. Please see North Carolina v. Alford, 400 U.S. 25 (1970). That, nevertheless, makes Plaintiff amenable to be removed from the United States. Please see Cedano-Viera v. Ashcroft, 324 F.3d 1062, 2003 U.S. App. LEXIS 5779; 2003 Cal. Daily Op. Service 2628, 2003 Cal. Daily Op. Service 2975; 2003 ~~Day~~ Daily Journal DAR 3830; No. 01-70622; Filed March 26, 2003.

The last information Petitioner/Plaintiff received from his case worker was that the expiration of Petitioner/Plaintiff's sentence was the ~~first~~ third week of January 2023. That date is never stable because the Department of Parole and Probation keeps adding 5 days a month to his conviction. Under this pattern Petitioner/Plaintiff's release would be within the first 2 months of the year of 2023.

If Petitioner/Plaintiff is removed from the U.S. his ability to litigate the present 42 U.S.C. §1983 action would be seriously hindered.

It would actually result in violations to his right to

petition the government for a redress of grievances, to his right to access to the Courts, and to his judicial remedies protected by the First Amendment to the U.S. Constitution.

It is a situation that would render Plaintiff incapable to redress and remedy the many, repeated, and flagrant violations to his rights protected by the Fourth Amendment to the U.S. Constitution, and encompassed in the Franks doctrine.

Because Petitioner/Plaintiff is a law illiterate, and because the COVID 19-pandemic (inmates were in severe and extended lockdowns since around March 2020) The legal research has been seriously hindered, and even today the situation has not improved much. The access to research is still seriously limited.

For all the time of his incarceration Petitioner/Plaintiff has been working hard and painstakingly on his case. How does an innocent man who can not pay an attorney prove his innocence? Especially, when the law enforcement and the county's judiciary made themselves accomplices of the malicious prosecution, where, voluntarily or involuntarily, committed so many and gross violations to his constitutional rights. And he had to start from scratch to study legal matters in English which is not his first language.

It truly has been a painstaking process.

Plaintiff only learned a little better about 42 U.S.C. §1983 actions fairly recently. But because he is a law illiterate he had committed many errors which have resulted in the lost of valueble time, e.g., he spent months doing research and writing 767 pages for the Initiating Documents he filed 2/11/22. From 2/11/22 to this date he committed other procedural mistakes. If he knew what to do he could have filed a proper complaint since around July-August 2021.

Plaintiff, however, is running out of time to redress the violations to his rights protected by the Fourth Amendment to the U.S. Constitution, which makes critical for Petitioner/Plaintiff that this Honorable Court approve this Motion for Preliminary Injuction and proceed with his case in a timely manner.

In Ross v. Sandoval, 2018 U.S. Dist LEXIS 70457, case No. 2:17-cv-02386-APG-GWF, filed March 27, 2018, at page 2018 U.S. Dist. LEXIS 19, it reads,

"Discussion

'A plaintiff seeking a preliminary injuction must establish

that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injuction is in the public interest.' Winter v. Natural Resources Defense Council, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed 2d 249 (2008). An injuction cannot be issued merely because it is possible that there will be an irreparable injury to the Plaintiff, it must be likely that there will be. American Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, -1052 (9th Cir. 2009)."

Let us see how this applies to Plaintiff's case.

(a) Petitioner/Plaintiff is likely to Succeed on the Merits

First, Petitioner/Plaintiff can show LVMPD detective J Guyer P# 7430, wrote many prejudicial lies and knowingly included them in his affidavit to secure a warrant of arrest on Petitioner/Plaintiff. These lies mislead the Magistrate to infer there was probable cause.

The evidence that all these are lies is in the documents of the discovery.

Second, Petitioner/Plaintiff can show Mr. J Guyer knowingly or recklessly disregarded or omitted in the affida-

vit important material facts that tend to show that the case is a fraud, that the State's witnesses are lying in material aspects, and that Petitioner/Plaintiff is innocent of the accusations.

The number of material facts he omitted is ~~to~~ too large to cite here but, for instance, he omitted to inform the Magistrate Petitioner/Plaintiff's ex-wife had an inappropriate and unrelated motive to start the prosecution, and that at the beginning of her interview, the alleged victim states Petitioner/Plaintiff had not done anything, and that Petitioner/Plaintiff's ex-wife started the case because other things the ex-wife noticed, and, that in light of all the evidence, there is the possibility and enough facts to infer revenge may have led the ex-wife to misuse the criminal process. But Mr. Jguyer kept the Magistrate in the dark about all this.

Again, the evidence is in the documents of the discovery.

Third, there were electronics and videos that Mr. Jguyer suppressed. The electronics showed the alleged victim was lying when she made some of most material claims. The electronics destroy a large part of the prosecution's case, show the alleged victim lied and fabricated too much. They show the character for truthfulness of the

alleged victim and her mother was not good.

The videos show Petitioner/Plaintiff's ex-wife was lying about what their true contents was. The videos not only show that her character for truthfulness was not good, but they can be used to call into question her mental sanity.

These evidenciary items were central to the case and by no reason should have Mr. J Guyer failed to give the Magistrate the pertinent and truthful information about them.

That was information the Magistrate needed to decide whether there was probable cause or not.

Hiding information is an indication of being affraid of the truth. And, in this particular case, it is testimony and evidence in itself that these evidenciary items belie the State's witnesses and show Petitioner/Plaintiff's innocence.

Fourth, Mr. J Guyer covered-up in his affidavit that the Examiner's Report issued after the Examination of the Apple desktop computer does not incriminate Petitioner/Plaintiff in any way, that it contains clear

exculpatory evidence, and that it can be used to further establish it was Petitioner/Plaintiff's ex-wife the one who kept the child erotica photos, even though Petitioner/Plaintiff told her to get rid of them. The evidence is in the documents of the discovery, and in her interview transcripts. The ex-wife herself admitted twice to being the one who kept whatever child erotica photos were left on the Apple desktop computer. And the Examiner's Reports can be used to show she was lying when she claimed she deleted some of the child erotica photos.

Mr. J guyer, however, did not inform the Magistrate about any of that in his affidavit.

Mr. J guyer also covered-up in his affidavit what the Full Reports of the examination of the Apple desktop computer, and what the photos (child erotica photos) on said computer truly show. Facts such as that the child erotica photos show that the alleged victim was not able to keep ~~and~~ an accurate account, that the photos do not corroborate her claims, that the electronics belie her were covered-up and omitted.

Fifth, Mr. J guyer did not tell the Magistrate in his affidavit that the alleged victim's way too many inconsistent and contradictory versions are an indication

of a guilty mind. He instead covered-up that fact. He covered-up the existence of the Windows laptop computer which was the computer Petitioner/Plaintiff mainly used. Mr. J Guyer covered-up the fact the child erotica photos were located on the computer the ex-wife mainly used and not on the computer Plaintiff mainly used. He covered-up the ex-wife gave testimony there was nothing inappropriate on the computer Petitioner/Plaintiff mainly used or on Petitioner/Plaintiff's other electronics (which by the way are part of the suppressed electronics).

Because, to cover-up what was really going on, Mr. J Guyer fabricated an "ideal" but alternative scenario that is a fraud, is malicious, which, nevertheless, does not show probable cause legally and constitutionally — NOT EVEN ONCE.

If an impartial, unbiased, and just Magistrate would have known he or she was being a victim of a deception of such magnitud, he or she would have never issued a warrant of arrest on Petitioner/Plaintiff.

Further, well trained and well supervised police officers in a police department where respect to the law and to the State and Federal Constitutions is enforced and policed, would have never applied for a warrant of arrest on

Petitioner/Plaintiff under these circumstances, which are nothing ~~tha~~ more than a long, long list of violations to everything that is fair, just, appropriate or reasonable.

And until the last comma and period Petitioner/Plaintiff wrote above can be proven, because Mr. J Guyer did not care that the evidence of his malfeasances was at hand in the documents of the discovery.

(b) Petitioner/Plaintiff is likely to suffer irreparable Harm

On Ross v. Sandoval, 2018 U.S. Dist. LEXIS 179876, case No. 2:17-cv-02386-APG-GWF, filed October 19, 2018, page U.S. Dist. LEXIS 8, it reads,

"Irreparable Harm

The Supreme Court has recognized the 'basic doctrine of equity jurisprudence that courts of equity should not act... when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.' A plaintiff therefore has the burden to establish that absent a preliminary injuction, there is a likelihood - not just a possibility - that he will suffer irreparable harm. The Ninth Circuit has stated 'that an alleged constitutional

infringement will often alone constitute irreparable harm.' (Notes and some quotation marks omitted.)"

As we see above from page 1, line 18 to page 2 line 24 under the present circumstances it is a fact Petitioner/Plaintiff would be removed from the U.S. because he would lose his Permanent Resident status. And that would be the result of Mr. J Guyer's many and clear violations to Petitioner/Plaintiff's rights under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.

On top of that, and as Petitioner/Plaintiff states above from page 2, line 26 to page 3, line 3, "It would actually result in violations to his right to petition the government for a redress of grievances, to his right to access to the courts, and to his judicial remedies protected by the First Amendment to the U.S. Constitution."

That means Petitioner/Plaintiff would be away from his daughters, and will not be able to participate in their special moments and ~~(eco)~~ occasions, or simply in their family moments.

Back in Costa Rica Petitioner/Plaintiff would not be able to get a job because in April 2023 he will turn 64 years old. Meaning, he can retire, and no company would

want to be responsible for part of his pension.

This imprisonment ruined Petitioner/Plaintiff's life and he does not have savings to start his own business. He would be facing a seriously bad situatión in a third world country in the age of the COVID-19 that has made things worse all over the world.

In the United States Petitioner/Plaintiff still has many years of active, productive life. But in Costa Rica is a totally different story.

And the case is such a fraud that all Petitióner/Plaintiff needs is a fair and just opportunity to show his false arrest and false imprisonment.

(C) Balance of Hardships

The right to be free from unreasonable searches and seizures is a fundamental civil right. Since Petitioner/Plaintiff is in fact the victim, the hardship on the Defendants would be that the instances of misconduct on Petitioner/Plaintiff's case are going to be exposed.

But that is actually a good thing because Mr. Sfuzeris

supervisors and the LVMPD head, as well as the District Attorney's office can not release into society and have working a police detective that is committing so many and patent violations, and who, as he swore in his affidavit, has been with the force for 18 years.

Here we have a clear example of what is said on pages - ~~(84)~~ 33 and 34 of Fuciarelli v. Good, et al, U.S. Dist. Court for the District of Arizona, 2016 U.S. Dist. LEXIS 116420, No. CV-14-01078-PHX-GMS (2016), "However, the U.S. Supreme Court has not 'foreclose[d] the possibility, however rare, that the unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under §1983 without proof of a pre-existing pattern of violations,' Id at 64."

Bringing to the light all this instances of misconduct will help the defendants to improve and to act more in line with the Constitution of the United States which they must respect and obey.

Conduct that "...is shown to be motivated by evil motive or intent, or... involves reckless or callous indifference to the federally protected rights of others," should not run unchecked and should not be santioned by supervisors and other county agencies. (Please see <u>Smith v.</u>

Wade, 461 U.S. 30, 56, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983)).

(d) Public Interest

"The public interest inquiry focuses on the impact on non-parties, as opposed to parties. '[I]t is always in the public interest to prevent the violation of a party's constitutional rights..."

Please see page 2018 U.S. Dist. LEXIS 10 at Ross v. Sandoval, 2018 U.S. Dist LEXIS 179876, case No. 2:17-cv-02386-APG-GWF, filed October 19, 2018.

For the reasons set forth above Petitioner/Plaintiff respectfully requests this Honorable Court to approve this Motion for Preliminary Injuction and to proceed in a timely manner so Petitioner/Plaintiff's case can be litigated before he is in a situation where it is impossible for him to redress the violations to his constitutional rights

Dated this 6th day of June of 2022

Rafael [signature]

Petitioner In Pro Se

**Adult:**

| **Arrest Date:** | **Offense:** | **Disposition:** |
|---|---|---|
| 06-22-18<br>Las Vegas, NV<br>LVMPD | WA:<br>1. Lewdness With Child < 14, (1st) (F)<br>2. Use/Permit Minor Age < 14 as Subject of Sex Portrayal (F)<br>RMD: 07-19-18<br>3. Lewdness With Child < 14, (1st) (F) (3 Counts)<br>4. Attempt Lewdness, Child Under Age 14, (1st) (F) (2 Counts)<br>5. Commit Indecent/Obscene Exposure, Child Under 18 (F)<br>6. Use/Permit Minor Age 14+ as Subject of Sex Portrayal (F) (2 Counts)<br>7. Commit Open or Gross Lewdness, Child Under 18 (F)<br>8. Possess Visual Porn of Person < 16, (1st) (F) | **Instant Offense, C-18-334570-1** |

**Supplemental Information: ICE Query Results:** As the defendant was not born in the United States, a criminal alien investigation request was forwarded to the Department of Homeland Security (DHS), United States Immigration and Customs Enforcement, Office of Investigations (ICE). According to ICE, the defendant is legally residing in the United States as a Permanent Resident and ma live and work in the U.S. If this person has been convicted for a felony offense, this person may be amenable to removal proceedings for violation of the Immigration Act.

**Institutional/Supervision Adjustment:** N/A

## V. OFFENSE SYNOPSIS

Records provided by the Las Vegas Metropolitan Police Department and the Clark County District Attorney's Office reflect that the instant offense occurred substantially as follows:

On February 22, 2014, the minor victim (November 26, 1998) and her aunt filed a report with the Las Vegas Metropolitan Police Headquarters. The victim's aunt stated she found nude and explicit digital photographs of the victim on her computer.

On February 28, 2014, an investigator met with the victim's aunt who stated in September of 2013, she was on her and the defendant's, Rafael Bernardo Alvarez, computer and she located numerous digital photographs of the victim. Upon finding the photographs, the victim's aunt immediately showed the defendant. Mr. Alvarez stated the victim took the photographs of herself and speculated groups of people were exploiting the victim into taking nude photographs.

Electronically Filed
11/6/2018 12:56 PM
Steven D. Grierson
CLERK OF THE COURT

JOCP

DISTRICT COURT

CLARK COUNTY, NEVADA

THE STATE OF NEVADA,

Plaintiff,

-vs-

RAFAEL BERNARDO ALVAREZ
#7060562

Defendant.

CASE NO. C-18-334570-1

DEPT. NO. VIII

Exhibit P - page 1

## JUDGMENT OF CONVICTION
## (PLEA OF GUILTY)

The Defendant previously appeared before the Court with counsel and entered a plea of guilty pursuant to Alford Decision to the crime of COUNT 1 – LEWDNESS WITH A CHILD UNDER THE AGE OF 16 (Category B Felony) in violation of NRS 201.230; and COUNT 2 – POSSESSION OF PRESENTATION DEPICTING SEXUAL CONDUCT OF A CHILD (Category B Felony) in violation of NRS 200.700, 200.730; thereafter, on the 29th day of October, 2018, the Defendant was present in court for sentencing with counsel MIKE FELICIANO, Deputy Public Defender, and good cause appearing,

THE DEFENDANT IS HEREBY ADJUDGED guilty of said offenses and, in addition to the $25.00 Administrative Assessment Fee, $250.00 Indigent Defense Civil Assessment Fee, Restitution in the amount of $1,610.03 payable to Clark County

| | |
|---|---|
| ☐ Nolle Prosequi (before trial) | Bench (Non-Jury) Trial |
| ☐ Dismissed (after diversion) | ☐ Dismissed (during trial) |
| ☐ Dismissed (before trial) | ☐ Acquittal |
| ■ Guilty Plea with Sent (before trial) | ☐ Guilty Plea with Sent. (during trial) |
| ☐ Transferred (before/during trial) | ☐ Conviction |
| ☐ Other Manner of Disposition | |

Social Services and $150.00 DNA Analysis Fee including testing to determine genetic markers plus $3.00 DNA Collection Fee, the Defendant is sentenced to the Nevada Department of Corrections (NDC) as follows: COUNT 1 - a MAXIMUM of NINETY-SIX (96) MONTHS with a MINIMUM Parole Eligibility of THIRTY-SIX (36) MONTHS; and COUNT 2 – a MAXIMUM of SEVENTY-TWO (72) MONTHS with a MINIMUM Parole Eligibility of TWENTY-EIGHT (28) MONTHS, CONCURRENT with COUNT 1; with ONE HUNDRED THIRTY (130) DAYS credit for time served.

FURTHER ORDERED, a SPECIAL SENTENCE of LIFETIME SUPERVISION is imposed to commence upon release from any term of imprisonment, probation or parole. In addition, before the Defendant is eligible for parole, a panel consisting of the Administrator of the Mental Health and Development Services of the Department of Human Resources or his designee; the Director of the Department of Corrections or his designee; and a psychologist licensed to practice in this state; or a psychiatrist licensed to practice medicine in Nevada must certify that the Defendant does not represent a high risk to re-offend based on current accepted standards of assessment.

ADDITIONALLY, the Defendant is ORDERED to REGISTER as a sex offender in accordance with NRS 179D.460 within FORTY-EIGHT (48) HOURS after any release from custody.

DATED this 6 day of November, 2018

DOUGLAS E. SMITH
DISTRICT COURT JUDGE gd

Exhibit P

INMATE REQUEST FORM

| 1.) INMATE NAME DOC # | 2.) HOUSING UNIT | 3.) DATE |
|---|---|---|
| Rafael Bernardo Alvarez 1207192 | 11 F 11 | 6-1-22 |

4.) REQUEST FORM TO: (CHECK BOX)

___MENTAL HEALTH ___CANTEEN

X CASEWORKER ___MEDICAL ___LAW LIBRARY ___DENTAL

___EDUCATION ___VISITING ___SHIFT COMMAND

___LAUNDRY ___PROPERTY ROOM ___OTHER___________

5.) NAME OF INDIVIDUAL TO CONTACT: Case worker Unit 11

6.) REQUEST: (PRINT BELOW) Sir, would you be so kind and let me know my expiration date? I need it as soon as it is possible for some legal issue I have in the U.S. District Court (Federal). I thank you in advance for your help.

Yours cordially,

7.) INMATE SIGNATURE Rafael [signature] DOC # 1207192

8.) RECEIVING STAFF SIGNATURE ___________ DATE ___________

9.) RESPONSE TO INMATE

PEXD 1/21/2023

~~PRPD 6/[illegible]~~

10.) RESPONDING STAFF SIGNATURE Vaughn DATE 6/2/2022

Rafael Bernardo Alvarez
ID# 1207192 - HDSP
P.O. Box 650 - Indian Springs
Nevada 89070
Petitioner In Pro Se

United States District Court

District of Nevada

| | |
|---|---|
| Rafael Bernardo Alvarez<br>Petitioner/Plaintiff<br>v.<br>Clark County, et al.,<br>Respondent/Defendants. | Case No.:<br>2:22-cv-00261-ART-EJY<br><br>Motion for Appointment of the U.S. Marshal to Service Defendants |

Petitioner/Plaintiff respectfully requests this Honorable Court to appoint the U.S. Marshal to be in charge of service (of process) and delivery of pleadings, notices, or any other papers in the present 42 U.S.C. §1983 action to charge the Defendants in this action and subject them to its legal effects.

Petitioner/Plaintiff is incarcerated at High Desert State Prison, which does have a law library in which inmates can make

photocopies for a fee.

Nevertheless, sending papers to the law library is risky. They are not logged anywhere and if they get lost, inmates have no way to prove they had sent them to law library.

There is a mail box in each pod of the Units. The mail boxes, however, only take small envelops with a few folded pages in them.

If the legal mail has, let us say, 10 or more pages, it has to be placed in a bigger envelop; for instance, in a manila envelop. In such a case inmates are left with no other option but to leave often critical legal mail on top of the mail box.

Those envelops, on top of the mail box, remain unattended. They are exposed to tampering by other inmates, especially during the free time of the other tier of the pod.

The law library may take from one to several weeks to produce the copies which may prevent the inmate from complying with the deadlines for delivery of papers.

The inadequacies of the NDOC law library system has been litigated in Koershner v. Warden, 508 F. Supp. 2d 849

(Nev. 2007) and other cases such as Marley v. Neven, 2:07-cv-01123-RLH-GWF (D. Nev. Sep. 30, 2010, cited in Felix v. McDaniel, 2012 U.S. Dist. LEXIS 25890.

There are also important limitations in the HDSP Mailing System.

As of the date of this motion, Petitioner/Plaintiff is not aware of any method to log outgoing mail at HDSP. If an inmate sends mail by a brass slip to cover the cost, a further delay of 1-2 days occurs while the brass slip is processed. If stamps are used to mail out legal mail there is no record of it kept at HDSP. Inmates are also limited in the amount of stamps that they are allowed to purchase and possess, and there is no method in the Units to determine sufficient postage for items which may require excess postage.

Larger envelops left on top of the mail box with stamps on, to be mailed out, are in risk of having stamps stolen from them. It is particularly easy to "harvest" stamps from the manila envelops sold at the NDOC store system.

Incomming mail, while logged, is subject to delays and is often delivered after the close of afternoon tiers. Therfore, any response is delayed as the outgoing mail is delivered

to the post office for delivery the next business day it is placed in internal mailboxes.

In the past petitioner/Plaintiff tried to use two methods HDSP offers to inmates to track the delivery of their mail pieces. One was the U.S. Postal Service "Certified Mail Receip," PS Form 3800, and the other was the "Domestic Return Receipt," PS Form 3811.

But in the first place it was an odyssey to obtain the forms from HDSP's mail room, and then the Domestic Return Receipt took way too many weeks to make it back to Petitioner/Plaintiff. So proof of service could be another major obstacle in Petitioner/Plaintiff's way.

For the reasons set forth above, this Honorable Court should appoint the U.S. Marshal to Service Defendants in and for all papers and proceedings in this 42 U.S.C § 1983 civil rights action.

Dated this 6th day of June of 2022.

Rafael A.

Petitioner In Pro Se